United States District Court
District of Massachusetts

_____
                                )
ANTHONY CIAMPI,                  )
        Petitioner,              )
                                )
        v.                       )        Criminal No.
                                )        97-40009
UNITED STATES OF AMERICA,        )
        Respondent.              )
_____ )

MEMORANDUM & ORDER

GORTON, J.

On April 4, 1997, a grand jury returned a 34 count Indictment ("the Indictment") against 15 defendants and specifically named petitioner Ciampi in 23 of those counts. The first trial of Ciampi and others on those counts ended on January 12, 1999. The jury convicted Ciampi of operating an illegal gambling business in violation of 18 U.S.C. § 1955 as charged in Count 34 of the Indictment, acquitted him on four counts and was unable to reach a verdict with respect to the remaining 18 counts against him.

I.   **Background**

Before Ciampi's retrial began on October 25, 1999, new counsel was appointed to represent him. On November 1, 1999, Ciampi pled guilty to Count Three of the Indictment charging him with conspiracy to commit murder in aid of racketeering in violation of 18 U.S.C. § 1959 and to a one-count Superseding

Information charging him with attempt to commit a crime involving assault with a dangerous weapon and assault resulting in serious bodily injury in violation of § 1959.  In his plea agreement, he expressly waived any statute of limitations defense that he might have had.

On March 1, 2000, this Court sentenced Ciampi to 216 months (18 years) in prison based on the agreed-upon disposition in his plea agreement calling for consecutive prison sentences of 60 months on Count Thirty-Four of the Indictment, 120 months on Count Three and 36 months on Count One of the Superseding Information.  In his plea agreement, Ciampi waived his right to appeal or to assert certain collateral challenges.  Judgment was accordingly entered against Ciampi on March 8, 2000.

In February, 2001, Ciampi, proceeding pro se, filed a motion to vacate his sentence pursuant 28 U.S.C. § 2255 ("the original petition").  With leave of this Court, Ciampi, represented by counsel, amended that petition in October, 2002 ("the amended petition").  The government opposed the original and amended petitions and moved to dismiss the amended petition.  In September, 2003, this Court allowed the government's motion to dismiss and denied Ciampi's § 2255 motion.  That Order was upheld by the Court of Appeals for the First Circuit.  United States v. Ciampi, 419 F.3d 20 (1st Cir. 2005).

In March, 2005, Ciampi filed a motion for relief from

judgment pursuant to Fed. R. Civ. P. 60(b)(6). He requested that this Court set aside its Order dismissing his 28 U.S.C. § 2255 motion. In it he contended that, in denying his § 2255 motion, this Court did not address all the claims raised in his original petition. Moreover, he asserted that the Court could not have considered all of the evidence relating to those claims because it never received his reply to the government's opposition that was timely filed. In December, 2008, the Court denied the motion.

Ciampi now moves again for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(4) and 60(b)(6) and for reconsideration pursuant to 28 U.S.C. § 2255, of his 36-month consecutive sentence for Count One of the Superceding Information. He maintains that Count One of the Superseding Information, for assault, was void because it was executed on November 1, 1999, five years and seven months after the assault occurred on March 31, 1994. Thus, the Superseding Information was not executed within the five-year statute of limitations period defined by 18 U.S.C. § 3282. As such, Ciampi argues, the Court did not have jurisdiction to take his plea of guilty or sentence him for that crime. The motion has not been opposed by the government.

As of the filing of his motion, Ciampi had served over 14 years and his projected release date is January 15, 2013.

## II.  Ciampi's Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b)(4) and 60(b)(6)

### A.   Legal Standard

Rule 60(b)(4) allows a court to relieve a party from a final judgment on the basis that the judgment is void.  Fed. R. Civ. P. 60(b)(4).  A judgment is void if the Court lacked jurisdiction at the time it was executed.  <u>Hoult</u> v. <u>Hoult</u>, 57 F.3d 1, 6 (1st Cir. 1995).

Rule 60(b)(6) allows a court to relieve a party from a final judgment for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).  The word "other" has the effect of excluding motions more appropriately brought pursuant to Rule 60(b)(1) through (5).  Although seemingly broad in scope, Rule 60(b)(6) has been termed a "small escape hatch" requiring "exceptional circumstances that justify extraordinary relief."  <u>United States</u> v. <u>6 Fox Street</u>, 480 F.3d 38, 46 (1st Cir. 2007) (citation and internal quotation marks omitted).

### B.   Application

Ciampi argues that the statute of limitations set forth in 18 U.S.C. § 3282(a) is a jurisdictional rule.  If a jurisdictional deadline is not met, the court loses jurisdiction to take the action described in the statute.  <u>Dolan</u> v. <u>United States</u>, 130 S. Ct. 2533, 2538 (2010).  "The prohibition is absolute.  The parties cannot waive it, nor can a court extend that deadline for equitable reasons."  <u>Id.</u>  In contrast,

-4-

affirmative defenses and "claims-processing rules" can be waived. Id. "Claims-processing rules" relate to the orderly progression of litigation through procedural steps required to be taken at certain times. Henderson v. Shinseki, 131 S. Ct. 1197, 1202 (2011).

In determining whether a time limitation is intended to be jurisdictional, the Court must examine the statute's language, structure and purpose. Dolan, 130 S. Ct. at 2538. The answer is different depending on the particular statute and time limit at issue. Id. "Under Arbaugh, we look to see if there is any 'clear' indication that Congress wanted the rule to be 'jurisdictional.'" Henderson, 131 S. Ct. at 1203. "When a long line of this Court's decisions left undisturbed by Congress has treated a similar requirement as jurisdictional, we will presume that Congress intended to follow that course." Id. (internal quotation and citation omitted).

The statute proscribing a time limit for federal criminal offenses, 18 U.S.C. § 3282(a), states that

> Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.

Ciampi argues that § 3282 is a jurisdictional statute of limitations because 1) it incorporates emphatic limiting language, 2) it uses the word "shall" with specified consequences

for failure to meet the five-year deadline and 3) the location of § 3282 within Chapter 213, Limitations, following Chapters 211 and 212 which confer jurisdiction and venue for criminal and military cases, indicates that it creates a limit to jurisdiction.

At the time of Ciampi's plea, the Supreme Court had not addressed whether the statute of limitations in § 3282 provided for a jurisdictional or affirmative defense. Nevertheless, the First Circuit, along with every circuit to address the issue, had held it to be an affirmative defense which can be waived. Acevedo-Ramos v. United States, 961 F.2d 305, 307 (1st Cir. 1992); Rivera-Colon v. United States, Civ. No. 05-1411, 2008 WL 4559684, at *8 (D.P.R. Oct. 9, 2008).

Ciampi argues that such case law should be overruled in light of the analysis set forth by the United States Supreme Court in Dolan v. United States, 130 S. Ct. at 2539. In that case, the Court held that the district court had the power to impose restitution beyond the statutory deadline because it had stated prior to the deadline's expiration that it would do so. Ciampi is correct that the Court articulated several considerations for determining whether or not a rule is jurisdictional. In the wake of Dolan, however, no federal court has questioned the long-established understanding that the statute of limitations in § 3282 is an affirmative defense which

can be waived.  See, e.g., United States v. Flood, 635 F.3d 1255,
1258-59 (10th Cir. 2011); United States v. Sharp, 400 Fed. Appx.
741, 751 (4th Cir. 2010).  The Court finds no reason to question
such well-established case law without a clear directive from the
First Circuit or the United States Supreme Court.

In this case, Ciampi expressly waived any statute of
limitations defense that he might have had in his plea agreement.
Thus, Ciampi's Rule 60(b) motion will be denied.

## III. **Ciampi's § 2255 Motion**

Ciampi's § 2255 motion is barred by the one-year statute of
limitations set forth in 28 U.S.C. § 2255(f).  That section
provides that the limitation period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes
> final;
>
> (2) the date on which the impediment to making a motion
> created by governmental action in violation of the
> Constitution or laws of the United States is removed, if
> the movant was prevented from making a motion by such
> governmental action;
>
> (3) the date on which the right asserted was initially
> recognized by the Supreme Court, if that right has been
> newly recognized by the Supreme Court and made
> retroactively applicable to cases on collateral review;
> or
>
> (4) the date on which the facts supporting the claim or
> claims presented could have been discovered through the
> exercise of due diligence.

It has been not only more than one year but more than one
decade since the date on which Ciampi's conviction became final,
and none of the other potential dates listed in § 2255(f) applies

here.  It is clear that <u>Dolan</u> did not recognize any new right and, as such, the date set forth in § 2255(f)(3) does not apply. Thus, Ciampi's motion for § 2255 relief is barred by the one-year statute of limitations set forth in that section.  28 U.S.C.A. § 2255(f).

**ORDER**

In accordance with the foregoing, defendants' motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) and for reconsideration pursuant to 28 U.S.C. § 2255 (Docket No. 1408) is **DENIED.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated August 16, 2011